[Cite as *State v. Brogden*, 2018-Ohio-722.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170184 |
| | | TRIAL NO. 16CRB-30238 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | |
| ASHLEY BROGDEN, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 28, 2018

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1}   Ashley Brogden appeals her conviction, following a bench trial, for theft, in violation of R.C. 2913.02(A)(1).  In two assignments of error, she challenges the sufficiency and manifest weight of the evidence supporting her conviction, and argues that the trial court erred by denying her the right of allocution.  The state concedes the allocution error.  We affirm the finding of guilt, but reverse the sentence, and remand the matter for resentencing.

### Facts and Procedural History

{¶2}   On October 31, 2016, Brogden was charged with one count of theft, a misdemeanor of the first degree, for refusing to return a set of car keys to her neighbor, Jessica Wilson, who had previously allowed her to borrow the car.  Brogden entered a not-guilty plea, and the case proceeded to a bench trial.

{¶3}   At trial, Wilson testified that she owned the car and identified the Ohio Certificate of Title that confirmed she owned the car.  Hassan Dunn, Brogden's father, had given Wilson the car in 2015.  Wilson further testified that she had allowed Brogden to use the car for purposes of work and childcare since Wilson owned it.  After an argument, their friendship ended and Wilson no longer allowed Brogden to drive her car.

{¶4}   Wilson called the police, and Officers Zucker and Eve responded.  Eve testified that he spoke with Wilson and learned that Brogden had Wilson's car keys.  Eve accompanied Zucker to Brogden's apartment.

{¶5}   Zucker testified that he knocked on Brogden's apartment door, asked her several times to give him the keys, and she refused.  Brogden presented a copy of a title to Zucker, claiming the car was hers.  Zucker explained to Brogden that the car was titled to Wilson and belonged to her.

2

{¶6} Ultimately, Zucker arrested Brogden for theft, retrieved the keys, and allowed her to remove her personal belongings from the car, because there was only one set of car keys for the car. Afterwards, he returned the keys to Wilson.

{¶7} The trial court found Brogden guilty of theft because she had repeatedly refused to return the keys. At the sentencing hearing, the trial court addressed Brogden's counsel, but did not address Brogden and give her an opportunity to speak. The trial court sentenced Brogden to 60 days in jail and court costs. The sentence was stayed pending appeal.

### *Sufficiency and Manifest Weight*

{¶8} In her first assignment error, Brogden argues that her theft conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Specifically, she claims that the state failed to prove that Wilson was the owner of the car and the car keys.

{¶9} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When considering a challenge to the weight of the evidence, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin,* 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus.

{¶10} Brogden was charged with theft in violation of R.C. 2913.02(A)(1), which prohibits a person, with purpose to deprive the owner of property, to knowingly obtain or exert control over the property without the consent of the owner. Thus, the state was required to prove that Wilson was the owner of the car keys.

{¶11} At trial, Wilson testified that the car belonged to her, and that she had owned the car for approximately one year. The state introduced a copy of the certificate of title that identified Wilson as the owner of the car. Although Wilson testified that she had allowed Brogden to use the car, the unrefuted evidence was that Wilson owned the car, and Brogden refused to return the sole set of car keys. Viewing this evidence in a light most favorable to the state, we conclude that the state proved that Wilson owned the car and keys, and a reasonable trier of fact could have found Brogden guilty of theft. The first assignment of error is overruled.

### Allocution

{¶12} In her second assignment of error, Brogden contends that she was denied her right of allocution at sentencing.

{¶13} The plain language of Crim.R. 32(A)(1) imposes a mandatory duty upon the trial court to address the defendant and provide her with the opportunity to speak before sentencing. *State v. Green,* 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *Id.* at 352, 359-360. When a trial court imposes sentence without first asking the defendant whether she wishes to make a statement in her behalf, the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited

or harmless. *State v. Campbell*, 90 Ohio St.3d 320, 325-326, 738 N.E.2d 1178 (2000).

{¶14} As the state conceded, the trial court erred when it failed to personally address Brogden and ask if she wished to make a statement on her own behalf. Based on a review of the record before us, we cannot find that the trial court's error was invited or harmless. Accordingly, we sustain the second assignment of error, reverse the sentence, and remand the cause for resentencing.

Judgment affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.**, and **MILLER, J.,** concur.

Please note:
    The court has recorded its own entry this date.